**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY MILES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **1:21-cv-01841** |
| | ) | |
| **v.** | ) | **Judge Norgle** |
| | ) | **Magistrate Judge Gilbert** |
| **CREDIT ACCEPTANCE CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**</u>

NOW COMES, the plaintiff, KIMBERLY MILES ("Plaintiff"), by and through her attorneys, SMITHMARCO, P.C., and moves this Court to dismiss the Counterclaim filed by the defendant, CREDIT ACCEPTANCE CORPORATION (hereinafter "Defendant"), pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), Plaintiff states as follows:

## I.     INTRODUCTION AND FACTUAL BACKGROUND

On April 6, 2021, Plaintiff filed her Complaint against Defendant alleging violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.* (Doc. #1). Specifically, Plaintiff's Complaint alleges that Plaintiff had an account with Defendant relative to the financing of a vehicle (hereinafter, "the loan"). Due to financial constraints, Plaintiff stopped making payments against the loan in September 2014. The obsolescence provisions of the FCRA result in an account being removed from one's credit report seven (7) years after the date of first delinquency. *See* 15 U.S.C. § 1681c(a)(4). The loan was effectively charged off in March 2015. Notwithstanding the foregoing, and having reported no change in the status of the loan from March 2015 to April 2020, in May 2020, Defendant began reporting the loan as being 180 days late, effectively communicating to Plaintiff's creditors and potential creditors, both known and

unknown, that Plaintiff had a very recent deleterious payment history on the loan. Plaintiff disputed Defendant's inaccurate reporting of the loan; rather than correct its reporting, Defendant verified its reporting of the account as being 180 days late as accurate.

Plaintiff alleges, *inter alia*, that Defendant failed to conduct a reasonable investigation into disputed and inaccurate information that it was reporting about her to one or more credit reporting agency(ies). *Id.* at page 5, ¶35. Defendant, upon receiving notice of Plaintiff's dispute, was obligated to conduct an investigation into the disputed information. *Id.*, at pages 4-6 ¶¶23, 28, 33. Defendant failed to conduct a reasonable investigation into Plaintiff's dispute in violation of 15 U.S.C. §1681s-2(b) and continued to disseminate inaccurate information about Plaintiff to one or more credit reporting agency(ies). *Id.,* at page 5 ¶34. As a result of Defendant's conduct, Plaintiff suffered actual damages. *Id.*, at page 6 ¶37.

On May 26, 2021, Defendant filed its Answer, Affirmative Defenses and Counterclaim. ((Doc. #. #9). Defendant's counterclaim includes a single count against Plaintiff, alleging that she breached her contract with Defendant by ceasing payments in 2014.

It is readily apparent that Defendant is asserting its counterclaim against Plaintiff as a means of retaliation and intimidation and to quell Plaintiff's prosecution of her federal claim asserting a violation by Defendant of the FCRA. Indeed, despite being cognizant that Plaintiff stopped making payments in September 2014, and was effectively in default on the loan, Defendant made no effort to pursue a claim against Plaintiff until now, despite the fact that Defendant had nearly seven (7) years to do so.

For the reasons set forth more fully below, Defendant's counterclaim should be dismissed with prejudice.

## II.     <u>APPLICABLE LEGAL STANDARDS</u>

Federal Rule of Civil Procedure 13 distinguishes differences between counterclaims, which may be considered "compulsory" or "permissive."  Fed.R.Civ.P. 13(a)-(b).  Counterclaims that *must* be included in a pleading, known as compulsory counterclaims, include claims that arise out of the transaction or occurrence that is the subject matter of the opposing party's claim, and do not require adding another party over whom the court does not have jurisdiction.  *Id.*, at 13(a)(1)(A)-(B).  To the contrary, counterclaims that *may* be included in a pleading, known as permissive counterclaims, include any claim against an opposing party that is not compulsory.  *Id.*, at 13(b).

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365 (1978). Federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States" and in all civil actions where complete diversity of citizenship exists and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.  Here, while original jurisdiction exists over Plaintiff's claims under the FCRA, original jurisdiction does not exist over Defendant's state-law counterclaims.  Moreover, diversity jurisdiction cannot provide an independent jurisdictional basis for Defendant's counterclaims because the amount Defendant is claiming is not over $75,000, as required by 28 U.S.C. § 1332.

The only basis for jurisdiction over Defendant's counterclaim is that found under 28 U.S.C. § 1367, the federal statute providing for supplemental jurisdiction.  28 U.S.C. §1367(a) (granting federal courts supplemental jurisdiction over state law counterclaims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *see also* Doc. #6, at pages 8-9, ¶¶1-7.

A motion to dismiss a counterclaim is governed by the same rules and legal standards as a motion to dismiss a complaint. *Fed. Nat'l Mortg. Ass'n v. Obradovich*, 2016 WL 1213920 (N.D. Ill. 2016). Accordingly, pursuant to Fed.R.Civ.P. 12(b), "all well-pleaded allegations are taken as true and viewed in the light most favorable to the pleading party." *Id.* However, "[t]he counterclaim must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Id.*

## III.    ARGUMENT

### A. Defendant's Claim is Not So Related to Plaintiff's Claims that they Form Part of the Same Case or Controversy.

To assess whether supplemental jurisdiction exists, "[c]ourts often ask whether the claims share a common nucleus of operative facts." *Walker v. Westlake Fin. Servs., LLC*, No. 19 C 6921, 2020 WL 3268523, at *2 (N.D. Ill. June 17, 2020) (quoting *Prolite Bldg. Supply, LLC v. MW Manufacturers, Inc.*, 891 F.3d 256, 258 (7th Cir. 2018)). "A loose factual connection between the claims is generally sufficient." *Id.* (quoting *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995)). "So, for example, supplemental jurisdiction is appropriate when the supplemental claim involves the same parties, contracts, and course of action as the claim conferring federal jurisdiction." *Id.* (quoting *Prolite*, 891 F.3d at 258).

Defendant's counterclaim to collect the subject debt does not arise out of a common nucleus of operative facts as Plaintiff's action filed pursuant to the FCRA. Defendant's counterclaim is based on an alleged breach of contract concerning Plaintiff's original financing agreement with Elite 1 Auto Inc., which was subsequently assigned to Defendant, for the purchase and financing of a vehicle. *See* Doc. # #9, page 11 ¶2. In contrast, Plaintiff's action invokes a statutory violation of a right predicated on federal policy enacted to promote the accuracy, fairness,

and privacy of consumer information in the files of consumer reporting agencies (hereinafter "CRAs").  15 U.S.C. § 1681; *see TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001)).

While Defendant's action for breach of contract and Plaintiff's claim for violations of the FCRA unavoidably touch upon one another, the two claims bear no logical relation to one another. Mere overlap of issues raised in both cases do not denote that Defendant's breach of contract action forms parts of the same case or controversy as Plaintiff's action to enforce her federal statutory rights under the FCRA.  In short, Plaintiff's action does not involve the purchase of the automobile, it involves Defendant's inaccurate reporting of her account after the automobile was purchased.

Defendant's counterclaims and Plaintiff's action filed pursuant to the FCRA raise vastly different legal and factual issues governed by different bodies of law.  The rights and obligations of Plaintiff and Defendant with respect to their respective claims and counterclaims hinge on different facts, different legal principles, and implicate different persons as potential witnesses and interested parties.  Accordingly, the claims are not so related as to form part of the same case or controversy and Defendant's counterclaim should be dismissed based on a lack of subject matter jurisdiction.

### B. Even if Defendant's Claim Was Sufficiently Related to Plaintiff's Claims, this Court Should Decline to Exercise Supplemental Jurisdiction Over Defendant's Claim Under 28 U.S.C. § 1367(c).

Notwithstanding the existence of supplemental jurisdiction over a counterclaim, district courts may decline to exercise supplemental jurisdiction over a claim under subsection 28 U.S.C. §1367(a) if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. §1367(c).

> **1. *The Court should decline to exercise supplemental jurisdiction over Defendant's counterclaim under 28 U.S.C. § 1367(c)(1) because it would "substantially predominate over the claim or claims over which this Court has original jurisdiction."***

Even if supplemental jurisdiction did exist over Defendant's counterclaim, this Court should decline to exercise that jurisdiction because Defendant's counterclaim would "substantially predominate over the claim or claims over which the district court has original jurisdiction." Defendant's counterclaim for breach of contract against Plaintiff encompasses an alleged breach by Plaintiff of her obligations under her financing agreement and a claim for damages by Defendant allegedly resulting from said breach. Defendant, as the party on whom the burden of proof rests with regard to its counterclaim, must demonstrate, at the most basic level, the sufficiency of its evidence to meet each of the elements of a breach of contract claim; standing to pursue its claim; and actual damages to which it could be entitled. Each of these criteria will require a substantial amount of time and resources to develop, both by the parties as well as by this Court.

Adjudication of Defendant's counterclaim very well may consume considerably more time than the adjudication of Plaintiff's claims for violation of the FCRA. As such, Defendant's counterclaims may substantially predominate over Plaintiff's for which this Court maintains original jurisdiction. Thus, under the circumstances presented at the pleadings stage, the damages sought by Defendant substantially predominate over the relief sought by Plaintiff under the FCRA.

Accordingly, in the event that this Court finds that supplemental jurisdiction is present over Defendant's counterclaim, this Court should decline to exercise such jurisdiction over Defendant's counterclaim.

2. **The Court should decline to exercise supplemental jurisdiction over Defendant's counterclaim based on exceptional circumstances under 28 U.S.C. § 1367(c)(4).**

Even if this Court determines that supplemental jurisdiction exists over Defendant's claim, it should decline to exercise jurisdiction for public policy reasons. It is evident that Defendant is employing mere litigation tactics to retaliate against Plaintiff for bringing the instant lawsuit and to temper the prosecution of Plaintiff's claim. Defendant was aware that the last payment on the account was made in September 2014, and chose not to pursue any claim(s) against Plaintiff until now, despite the fact that Defendant had nearly seven (7) years to do so. Defendant is aware that a resolution to its counterclaim would have nothing to do with Plaintiff's claim that Defendant violated the FCRA.

The FCRA was enacted as a mechanism to enable consumers to protect themselves against the dissemination of inaccurate or misleading information bearing on their credit worthiness. *Conley v. TRW Credit Data*, 381 F. Supp. 473, 474 (N.D. Ill. 1974). Allowing Defendant to proceed on its counterclaim would dissuade consumers from asserting their federal rights under the FCRA. Defendant's counterclaim shares no common factfinding, elements, or operative facts with Plaintiff's FCRA claim.

In *Tillman v. Michigan First Credit Union*, the court declined to extend supplemental jurisdiction over a counterclaim in a case involving a plaintiff's claims for violations of the FCRA. No. 19-12860, 2020 WL 4501744, at *4 (E.D. Mich. Aug. 5, 2020). In declining to exercise supplemental jurisdiction over the defendant's counterclaim, the court in *Tillman* explained:

The Court also is persuaded by the reasoning in *Barrios*, which cautioned against chilling the rights of FCRA claimants by allowing creditors to turn such cases into federal collection actions. "Congress enacted [the FCRA] in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Pittman*, 901 F.3d at 628. "The FCRA requires consumer credit reporting agencies to 'follow reasonable procedures to assure maximum possible accuracy of consumer credit reports." *Buchholz v. Meyer Njus Tanick, PA*, No. 18-2261, 946 F.3d 855, 2020 WL 35431, at *3 (6th Cir. Jan. 3, 2020) (quoting 15 U.S.C. § 1681e(b)). That congressional policy is not advanced by allowing a marginally related counterclaim on an underlying debt in an action that challenges only the way that obligation is reported. Exceptional circumstances weigh in favor of declining the invitation to exercise supplemental jurisdiction. *Tillman v. Michigan First Credit Union*, No. 19-12860, 2020 WL 4501744, at *4 (E.D. Mich. Aug. 5, 2020).

Conversely, in *McGuire v. Regional Acceptance Corporation*, the court extended supplemental jurisdiction over a counterclaim for breach involving a plaintiff's claims for violations of the FCRA. *McGuire v. Regional Acceptance Corp.*, 2021 WL 410660 (N.D. Ill), 2. The court held that the counterclaim and the plaintiff's FCRA claim had a close relationship as "the finder of fact will need to consider the very issue the breach of contract claim will resolve—whether *McGuire* remains liable for the autoloan.". *Id.* The principal difference between the court's ruling in *McGuire* and the case at hand is that Defendant's counterclaim has nothing to do with the fact that Defendant reported Plaintiff as having a late payment in 2020 when the last payment she made was in 2014. In other words, in determining whether Defendant violated the FCRA, the finder of fact need not determine any issue related to the breach of contract claim–only whether or not Defendant reported inaccurate information and the damages Plaintiff suffered as a result.

Consistent with this reasoning, this Court should not allow Defendant to use Plaintiff's federal FCRA lawsuit as a mechanism in which to intimidate Plaintiff and/or retaliate against Plaintiff for exercising her rights as a consumer under the FCRA. Accordingly, even if this Court finds that supplemental jurisdiction is present over Defendant's counterclaim, this Court should

decline to exercise such jurisdiction over Defendant's counterclaim and the counterclaim should be dismissed.

## IV.    <u>CONCLUSION</u>

The exercise of supplemental jurisdiction over Defendant's counterclaim in this instance would not be appropriate.  Defendant's counterclaim is not sufficiently related to Plaintiff's federal FCRA claim.  Even if the claims were sufficiently related, Defendant's state-law counterclaim would predominate over Plaintiff's federal FCRA claim.  Additionally, Defendant's counterclaim is contrary to public policy.  Accordingly, this Court should dismiss Defendant's counterclaim for lack of subject matter jurisdiction.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order dismissing Defendant's counterclaim.

Respectfully submitted,
**KIMBERLY MILES**


By: ___ s/ David M. Marco ___
Attorney for Plaintiff

<u>Dated: June 17, 2021</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:      (312) 546-6539
Facsimile:       (888) 418-1277
E-Mail:          dmarco@smithmarco.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 17, 2021, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF System, which will then send such notification to all counsel of record.

By: <u>   s/ David M. Marco          </u>
Attorney for Plaintiff